UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANEEN D.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5876 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of her application for supplemental security income benefits.  Plaintiff contends the ALJ erred by (1) rejecting Plaintiff's symptom testimony, (2) accepting the opinions of Robert Lang, M.D., (3) rejecting the opinions of Jeanne Hall, ARNP, and (4) rejecting the opinions of Julie Cole, P.T.[1]  Pl. Op. Br., Dkt. 21, p. 1.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 36 years old, has a tenth-grade education, and has worked as a fast food

---

[1] Plaintiff's counsel failed to clearly note the ALJ's rejection of Ms. Cole's opinions as an issue, but raised the issue in the middle of a paragraph regarding the ALJ's rejection of Ms. Hall's opinions.  The Court addresses this issue because Defendant addressed the issue on response, but Plaintiff's counsel's failure to clearly note this issue risks prejudicing his client by waiving an issue not adequately raised in his opening brief.

ORDER REVERSING DENIAL OF BENEFITS AND
REMANDING FOR FURTHER PROCEEDINGS - 1

service manager, and housekeeper/cleaner. Admin. Record ("AR") (Dkt. 19) 24, 39, 66. On December 9, 2017, Plaintiff applied for Title II disability insurance and Title XVI supplemental security income benefits, alleging disability as of August 19, 2014. AR 66–67, 194–202. Plaintiff's applications were denied initially and on reconsideration. AR 64–106. Plaintiff subsequently amended her alleged disability onset date to December 11, 2017, which effectively dismissed her claim for Title II disability insurance benefits. AR 16, 35–37.

After the ALJ conducted a hearing on June 7, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 16–26, 31–63. In relevant part, the ALJ found Plaintiff had the severe impairments of cervical, thoracic, and lumbar spine abnormalities with left-sided sciatica, and obesity. AR 19. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with additional exertional, postural, and environmental limitations. AR 20.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1–4.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Although the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir.

2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### A. Plaintiff's Symptom Testimony

Plaintiff argues the ALJ erred by discounting her testimony regarding the severity of her symptoms. Pl. Op. Br., pp. 2–4. Plaintiff testified she cannot work due to constant throbbing pain in her back. AR 50, 224. She testified she sits in a recliner for about eight hours a day, for two hours at a time. AR 50–51. She testified she can stand for about ten minutes at a time, but reported elsewhere she could stand for 40 minutes at a time. AR 53, 224. She testified she can lift about ten pounds, but reported elsewhere she could lift five pounds. AR 53, 228. She testified about five times a month she spends all day in bed due to pain. AR 56–57. She testified she does not take pain medications, stating she has allergies and reactions to pain medications. AR 44, 231.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo*, 871 F.3d at 678. The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014–15).

The ALJ found Plaintiff met the first step, but discounted Plaintiff's testimony regarding the severity of her symptoms. AR 21. The ALJ partly erred in doing so.

The ALJ rejected Plaintiff's symptom testimony in part because the severity alleged was inconsistent with the opinions of Dr. Lang, James Irwin, M.D., and J.D. Fitterer, M.D. *See* AR 22. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). Dr. Lang opined in 2016 that Plaintiff had mild cervical and lumbar impairments. *See* AR 635. Dr. Irwin and Dr. Fitterer opined in March and May 2018 that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, stand/walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. AR 72–74, 93–95. This evidence contradicted Plaintiff's testimony regarding the severity of her back pain symptoms.

The ALJ erred, however, in failing to adequately address evidence of a worsening in Plaintiff's symptoms. As the ALJ noted, an MRI from November 2018 showed a new left paracentral disc protrusion at L5-S1 that contacted and displaced the left S1 nerve root. AR 745. The MRI also showed "[n]ew mild right L4-L5 neural foraminal stenosis due to a small right foraminal disc protrusion." *Id.* Dr. Lang interpreted this MRI to show that Plaintiff "has had objective worsening of the lumbar disc protrusion." AR 2081.

The ALJ acknowledged Plaintiff experienced some level of worsening, but dated this to around April 2019, when Dr. Lang prescribed Plaintiff gabapentin to address her pain. *See* AR 21–22, 2081. The ALJ concluded, however, that "it has not been 12 months since this worsening began, so it is not clear whether these symptoms will continue, or whether this is a short period of worsening that will abate with continued use of gabapentin." AR 22. This is not a finding, but a statement of possible alternatives. The ALJ thus failed to make specific findings based on substantial evidence showing that Plaintiff's testimony for the period after her November 2018

MRI was inconsistent with the medical evidence.

The remainder of the ALJ's analysis does not overcome this error. The ALJ reasoned Plaintiff "has not used prescribed pain medication, suggesting she does not feel she needs such strong medication to treat her symptoms." AR 22. As the ALJ noted, Dr. Lang prescribed Plaintiff gabapentin in April 2019 to address her pain. *See* AR 2081. At the hearing in June 2019, Plaintiff testified she does not take any pain medications apart from Tylenol. AR 44. Plaintiff testified she had allergies to certain pain medications, a claim the ALJ did not address. *See id.* The ALJ did not address this, and therefore erred in rejecting Plaintiff's testimony based on her failure to take prescribed pain medication.

The ALJ also erred in rejecting Plaintiff's symptom testimony as inconsistent with her reported activities of daily living. AR 22. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). The evidence to which the ALJ pointed is not inconsistent with Plaintiff's testimony. The ALJ noted Plaintiff "cares for two children, she shops, she cleans, she cooks, and she is able to drive." AR 21. But Plaintiff testified her child were ten and 17 at the time of the hearing, the children helped with these activities, and Plaintiff's ability to do these activities depended on her pain level. *See* AR 45–46, 225–26. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (internal citations omitted).

The ALJ further reasoned Plaintiff's testimony was inconsistent with the fact that she regularly attended physical therapy and activities related to her children's school, such as open

houses and parent-teacher conferences. AR 22. Participation in treatment intended to address the symptoms Plaintiff reported does not contradict her reports of those symptoms. Although Plaintiff testified she often has to spend half a day in a recliner, that still leaves half a day to participate in treatment. Similarly, the ALJ failed to explain how Plaintiff's attendance at events related to her children's education contradicts her testimony of limitations due to back pain, particularly given that Plaintiff reported her pain increased due to her attendance at those events. *See* AR 653, 714. The ALJ's finding that Plaintiff's testimony was inconsistent with her activities of daily living was thus not supported by substantial evidence.

In sum, the ALJ did not err in rejecting Plaintiff's testimony regarding the severity of her symptoms from the alleged onset date until the November 2018 MRI because that testimony was inconsistent with Dr. Lang's, Dr. Irwin's, and Dr. Fitterer's opinions. The ALJ erred in rejecting Plaintiff's testimony regarding the severity of her symptoms from the date of the November 2018 MRI forward, when there was objective evidence of worsening that the ALJ failed to adequately address.

**B.     Dr. Lang's Opinions**

Plaintiff argues the ALJ erred by accepting Dr. Lang's opinions. Pl. Op. Br., p. 5. Dr. Lang treated Plaintiff for back pain. *See* AR 345–84, 2078–93. Dr. Lang examined Plaintiff on November 16, 2016, as part of a Washington Labor and Industries claim. *See* AR 633–35. Dr. Lang opined Plaintiff had permanent partial impairments of the cervical and lumbar spine that rated as category 2. AR 635. This equates to mild impairments of the cervical and lumbar spine. *See* Wash. Admin. Code 296-20-240, 296-20-280.

The ALJ found Dr. Lang's opinions persuasive. AR 23. The ALJ reasoned Dr. Lang's opinions were consistent with his own evaluation, the overall objective medical evidence, and

the opinions of consulting doctors James Irwin, M.D., and J.D. Fitterer, M.D.  *See id.*

The ALJ did not err in accepting Dr. Lang's opinions as they related to the period from Plaintiff's alleged disability onset date to her November 2018 MRI.  An ALJ is not required to provide reasons in support of incorporating a medical opinion into the RFC determination.  *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions").

The ALJ erred, however, in applying Dr. Lang's opinions to the period after the November 2018 MRI.  As stated above, Dr. Lang found the MRI showed objective evidence of worsening.  *See* AR 2081.  At that point, substantial evidence no longer supported a finding that Dr. Lang maintained the same opinions about Plaintiff's condition.  The ALJ therefore erred in applying Dr. Lang's opinions to the period after the November 2018 MRI, but not to the period from Plaintiff's alleged disability onset date to the date of that MRI.

**C.     Ms. Hall's Opinions**

Plaintiff argues the ALJ erred by rejecting Ms. Hall's opinions.  Pl. Op. Br., pp. 5–6.  Ms. Hall was one of Plaintiff's treatment providers.  *See, e.g.*, AR 441–548, 641–723.  Ms. Hall completed a documentation of medical condition form on December 7, 2017.  *See* AR 284–86, 630–32 (duplicate of report).  Ms. Hall opined Plaintiff was unable to participate in working, looking for work, or preparing for work due to dorso-lumbar and lumbo-sacral impairments.  AR 284.  Ms. Hall opined plaintiff was unable to lift at least two pounds and unable to stand or walk.  AR 285.

The ALJ rejected Ms. Hall's opinions, referring to her as a "non-medical source."  AR 23.  The ALJ reasoned Ms. Hall's opinions were extreme limitations that were inconsistent with

Plaintiff's ability to participate in physical therapy, there was "no objective evidence to show that [Plaintiff] is limited to lifting less than 2 pounds," and there was "no evidence that the claimant is unable to stand and walk, meaning she can work for zero hours." *Id.*

The ALJ erred in referring to Ms. Hall as a non-medical source. The Commissioner issued new regulations applicable to claims filed after March 27, 2017, which reclassified nurse practitioners as acceptable medical sources. *See* 20 C.F.R. § 416.902(a)(7). Those new regulations require the ALJ to explain with specificity how he or she considered the supportability and consistency factors. 20 C.F.R. § 416.920c(a)–(b). That explanation must be legitimate, as the Court will not affirm a decision that is based on legal error or not supported by substantial evidence. *See Trevizo*, 871 F.3d at 674. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See also Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Turning to the ALJ's analysis, the did not err in rejecting Ms. Hall's opinions. An ALJ may reasonably reject an acceptable medical source's opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ here reasoned Ms. Hall's opinions that Plaintiff could only lift less than two pounds, and could not stand or walk for any amount of time were inconsistent with Plaintiff's ability to engage in physical therapy, which involved lifting, standing, and walking. That was a reasonable finding that was supported by substantial evidence, and thus the

ALJ did not harmfully err.

**D.    Ms. Cole's Opinions**

Plaintiff argues the ALJ erred by rejecting Ms. Cole's opinion that Plaintiff would miss three or more days of work per month due to her impairments. Pl. Op. Br., p. 6. Ms. Cole was Plaintiff's physical therapist. *See, e.g.*, AR 643–59, 685–737. In March 2019, Ms. Cole completed a questionnaire from Plaintiff's counsel. *See* AR 748–50. Among other things, Ms. Cole opined Plaintiff would miss three or more days of work per month, explaining that Plaintiff "currently has to cancel ~20–25% of weekly scheduled appointments due to pain or illness, or increased symptoms." AR 750.

The ALJ rejected Ms. Cole's absenteeism opinion. AR 23. The ALJ explained that "the physical demands of a physical therapy session are far greater than the demands of sedentary or light exertion work . . . . Thus, the fact that [Plaintiff] missed a physical therapy session on a given day does not automatically mean that [Plaintiff] would have missed work on that day."

Ms. Cole is a medical source under the Commissioner's new regulations, but not an acceptable medical source. *See* 20 C.F.R. § 416.902(a), (i). An ALJ is required to give "germane reasons" for rejecting a medical source like Ms. Cole. *See Molina*, 674 F.3d at 1111. The ALJ did so here, as his explanation was a reasonable finding based on the evidence. That Plaintiff missed physical therapy appointments for various reasons, including non-disability reasons such as illness, does not support Ms. Cole's opinion that Plaintiff would miss three or more days of work per month. The ALJ therefore did not harmfully err in rejecting Ms. Cole's opinions.

**E.    Scope of Remand**

Plaintiff cursorily asks the Court to remand this matter for an award of benefits. Pl. Op.

Br., p. 20.  Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings.  *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)).  Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances.  The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony as it relates to the period from the November 2018 MRI forward.  The ALJ shall reevaluate Dr. Lang's opinions in light of his finding of objective worsening of Plaintiff's conditions.  The ALJ shall reevaluate Plaintiff's RFC, and reassess all relevant steps of the disability evaluation process.  The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this Order.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 14th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE